IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 19-00013-CG |
| | ) |
| SEAN MICHAEL HOWELL | ) |

FILED IN OPEN COURT
NOV 12 2020
CHARLES R. DIARD, JR.
CLERK

## PLEA AGREEMENT

The defendant, **SEAN MICHAEL HOWELL**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands his rights as follows:

   a. To be represented by an attorney;

   b. To plead not guilty;

   c. To have a trial by an impartial jury;

   d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

   e. To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and pleads guilty to Counts One and Three of the Indictment, charging violations of Title 18, United States Code, Section 2251(a)(e), Production and Attempted Production of Child Pornography.

Rev. 8/13

3. The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offenses.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charges. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree

that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

10. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

11. The defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

## PENALTY

12. The maximum penalty the Court could impose as to each count (Counts One and Three) of the Indictment is:

   a. 30 years imprisonment with a 15 year minimum mandatory term of imprisonment;

   b. A fine not to exceed $250,000;

   c. A term of supervised release of five (5) years to LIFE, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. A mandatory special assessment of $100.00;

   e. An assessment of $5,000.00 per count under 18 U.S.C. § 3014;

   f. Mandatory restitution under 18 U.S.C. §2259 that, for any conviction of an offense described in paragraphs (e)(1) or (2), is not less than $3,000.00 per victim;

   g. Such restitution as may be ordered by the Court; and

13. The Defendant understands that the sentences on each Count could be imposed concurrently or consecutively.

## SENTENCING

14. The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after

4

a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

15. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely at the discretion of the Court.

16. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

17. Both the defendant and the United States are free to allocute fully at the time of sentencing.

## SEX OFFENDER REGISTRATION

18. The defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act ("the Act"), Title 42, United States Code, Section 16911 et seq., he is a sex offender as that term is defined in the Act. The defendant further understands, acknowledges, and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in

each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I also understand that if I possess a passport, it will be marked with a unique identifier identifying me as a convicted sex offender. I understand that if I seek to travel outside the United States, I must notify my residence jurisdiction of my travel at least 21 days prior to that travel. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by fine or imprisonment, or both. The defendant further agrees that for initial registration purposes only, the defendant is required to also register in the jurisdiction in which the defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

**SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE**

19. The defendant agrees to tender $200.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

6

20. The parties agree that the United States will request the Court to order the defendant to pay an assessment of $5,000.00 per relevant count pursuant to 18 U.S.C. §3014 as determined by the Court at the time of sentencing.

21. The parties agree that the United States reserves the right to recommend a fine.

22. Defendant agrees that if any restitution is ordered by the Court under 18 U.S.C. §2259, the amount of restitution ordered by the Court shall include defendant's total offense conduct. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement. The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name or entity, including a trust, partnership or corporation after the execution of this plea agreement until the fine or restitution is paid in full. The parties will also jointly recommend that as a condition of probation or supervised release, defendant will notify the Financial Litigation Unit, United States Attorney's Office, before

defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations. Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory.

## FORFEITURE

23. The defendant agrees to confess the forfeiture to the United States of all properties which represent proceeds of his criminal activities or which facilitated any aspect of these illegal activities as determined by the Court at sentencing.

## FINANCIAL OBLIGATIONS

24. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

25. The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will not pursue additional charges against the defendant in connection with this matter. This agreement is limited to the United States Attorney's Office for the Southern District of

Alabama and does not bind any other federal, state, or local prosecuting authorities.

26. The United States will recommend to the Court that the defendant be sentenced at the low end of the advisory sentencing guideline range as determined by the Court subject to the minimum mandatory sentence, and will move to dismiss any remaining counts of the indictment.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

27. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, including any assessment, forfeiture, or restitution order. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

    a. **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

        (1) any sentence imposed in excess of the statutory maximum;

        (2) any sentence which constitutes an upward departure or variance from the advisory guideline range.

>The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

28. If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

29. The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

30. If the defendant receives a sentence within or below the advisory guideline range, subject to the minimum mandatory sentence, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

31. The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

32. In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## **ENTIRETY OF AGREEMENT**

33. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,<br>
RICHARD W. MOORE<br>
UNITED STATES ATTORNEY

Date: November 4, 2020

*/s/ Kacey Chappelear*
Kacey Chappelear
Assistant United States Attorney

Date: November 4, 2020

*/s/ George Martin*
George Martin
Assistant United States Attorney
Deputy Chief, Criminal Division

I have consulted with my counsel and fully understand all my rights with respect to the offenses charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 11/12/20

SEAN MICHAEL HOWELL
Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offenses charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 11/12/20

DENNIS KNIZLEY
Attorney for Defendant

1
# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 19-00013-CG |
| | ) |
| SEAN MICHAEL HOWELL | ) |

## FACTUAL RESUME

The defendant, **SEAN MICHAEL HOWELL,** admits the allegations of Count **One** and **Three** of the Indictment.

## ELEMENTS OF THE OFFENSE

**SEAN MICHAEL HOWELL** understands that in order to prove a violation of Title 18, United States Code, Section 2251(a)(e), as charged in Counts One and Three of the Indictment, the United States must prove:

First:   the Defendant knowingly induced and attempted to induce a person he believed to be a minor;

Second:   to engage in sexually explicit conduct;

Third:   for the purpose of producing a visual depiction of such conduct

Fourth:   using materials that had been mailed, shipped, and transported in interstate or foreign commerce.

## OFFENSE CONDUCT

On December 16, 2018, Saraland Police Department received a complaint from the mother of a ten-year-old boy who had been repeatedly sodomized by Sean Michael Howell. The

2

child also reported that Howell filmed the sex acts and shared the child pornography on the internet. The defendant was the manager at a roller skating rink in Saraland and met the boys through his work. The defendant offered the boys free skating if they would stay behind after the rink closed and he would regularly engage in sex acts with them at the rink. Also, he took the two boys to a motel in Mobile, AL, and sodomized the boys at that time.

Saraland Police Department took a statement from the defendant. The defendant admitted sex acts with the children and photographing these acts.

Based on these complaints, a search warrant was obtained for the defendant's Apple Iphone X, Serial Number F2LVPBE5JCL9. The telephone was manufactured in China. The defendant had previously provided the password to Saraland Police Department. The password opened the screen to a wallpaper photo of Sean Howell hugging a young boy. The photos app indicated 1,401 current images. The majority of the photos and videos were of adolescent and pre-adolescent boys. Some of the images were of child pornography. There are 11 victims suspected. These images included:

A video chat dated March 23, 2018 at 3:34 am with a prepubescent boy with short hair. The large view shows the child looking into the camera with a smaller inset circle at the bottom of the screen showing Howell. The child pulls down his pants and exposes his penis. The child then turns around and shows his buttocks for the camera and then bends over and exposes his anus. After some discussion, Howell reveals his penis and his hand fondling it.

A video dated May 21, 2018 at 7:12 am shows Howell in a video chat with a prepubescent boy. The text shows Howell telling the boy to spread his cheeks and squat down. The video then goes to the boy's buttocks with his face visible. He exposes his anus to the

Rev. 8/13

3

camera. On May 21, 2018 at 7:06 am there is a video chat with the same child. He is completely nude and showing his penis to the camera.

    A video dated July 23, 2081 at 12:08 am shows a video chat with a prepubescent boy masturbating while Howell can be seen in a smaller window masturbating.

    A video dated October 4, 2018 at 11:04 pm and lasts 8 minutes and 4 seconds in which Sean Howell is seen setting up a camera at or above the level of his head in a work room with a tool bench. He leaves the room and returns with Child One, a ten year old boy and Child Two, an 11 year old boy. Child One pulls his pants down and exposes his penis and buttocks and begins to dance in place. Child Two then pulls down his pants and exposes his penis. Howell's back is the camera and he is wearing a red shirt and tan pants. There is a discussion about their penises getting hard. Howell then uses a yellow tape measure to measure both of the children's penises. He then pulls his pants down and measures his own penis. After approximately five minutes, they all pull their pants up and leave the room. Howell then reenters the room and turns off the camera.

    A video dated October 17, 2018 at 5:24 pm, shows Howell sitting on the floor in the office of the skating rink where he worked with no pants on and an erection showing. He is sitting in front of a pre-pubescent boy who has been identified as eleven year old Child Two. Howell performs oral sex on the child and then directs the child to sit on Howell's erect penis. The child then displays his anus and penis for the camera. Howell then directs the child to sit on him again and penetrates him anally.

    A video dated October 31, 2018 at 11:50 pm shows a close up of Howell inserting his penis into the anus of Child Two.

Rev. 8/13

4

A video dated November 18, 2018, at 9:19 am and is 2minutes and 39 seconds long, shows Howell laying on his back on a bed. Child Two is laying on top of Howell while Howell holds the camera to capture Howell's penis entering Child Two's anus.

An administrative subpoena was served on Homewood Suites by Hilton at 1388 West I-65 Service Road South, Mobile, AL. The records revealed that on October 10, 2018, at 10:23 PM, Sean Howell called the Hilton 1-800 number and made reservations for one non-smoking room for one night from October 12 to October 13, 2018. A note on the Hilton reservation system shows in the comments section, "Fam of 3, ages 10/10. The General Manager interpreted that this meant that Howell would be checking in with two one adult and two children, both age 10. Howell checked into the Homewood Suites at 7:16 pm and checked out on Saturday October 13 at 9:58 am. He used a visa credit card to pay for the room. Both children reported being sexually assaulted at the hotel.

Howell was arrested by Saraland Police Department on December 16, 2018. On a recorded phone call he states: "I did it all, Dad. They saw the videos."

AGREED TO AND SIGNED.

RICHARD W. MOORE
UNITED STATES ATTORNEY

Date: November 4, 2020            /s/ Kacey Chappelear
                                   Kacey Chappelear
                                   Assistant United States Attorney


Date: November 4, 2020            /s/ George Martin
                                   George Martin
                                   Assistant United States Attorney
                                   Deputy Chief, Criminal Division

Rev. 8/13

5

Date: 11/12/20

_____
SEAN MICHEAL HOWELL

Date: 11/12/20

_____
DENNIS KNIZLEY
Attorney for Defendant

Rev. 8/13